24MISC0184

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:   Redaction of Signatures and Identifying
         Information of Grand Jurors

------------------------------------------------------------X

STANDING ORDER
M10-468

     Rule 6(e) of the Federal Rules of Criminal Procedure sets limits on the disclosure of matters occurring before a grand jury. Grand jury secrecy has been construed to extend to the identity of grand jurors themselves. In light of that and to ensure the privacy and safety of grand jurors, effective May 15, 2024, the Clerk of Court is directed as to any document containing the signature or other identifying information of a grand juror that is filed in a case and not sealed in its entirety to:

    (1) file publicly a copy of the document with the signature and identifying information of the grand juror redacted. If feasible, the redaction of any signature should be sufficient to obscure the identity of the signer but not the fact that the document was signed; and

    (2) maintain an unredacted copy of the document under seal, with access restricted to Court personnel.

The Court finds that this policy is consistent with the presumption in favor of public access to judicial documents because the redactions are limited to what is necessary to protect grand jury secrecy and the "privacy interests" of grand jurors, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006), and because the presiding judge in an individual case may, if the circumstances warrant it, order that any document in the case be unsealed.

    SO ORDERED.

Dated: April 17, 2024
       New York, New York

                                   Hon. Laura Taylor Swain, Chief Judge